The opinion of the court was delivered by
Bermudez, O. J.
This is a contest for the administration of this succession. It arises between two grandsons, descending, the one from a daughter, the other from a son of the deceased, who had remarried.
The application of Christmas is opposed by Whitney, who claims a preference.
The succession assets are represented as being quite large, consisting in a claim against the city of New Orleans.
*701 After hearing, the District Judge has appointed Whitney, and Christmas has appealed.
The contention is, that’Whitney can not and must not be appointed, because he is a minor. The charge is, that the decree of full emancipation, by which he claims to have been relieved from all the disabilities which attach to minors, is an absolute nullity, because the court which rendered it had no jurisdiction ratione personarum.
Proof was offered to show that Mrs. Whitney and her son were non-residents of the State, but it was objected to on the ground of absence of any issue involving the validity of the judgment of emancipation which could not be attacked collaterally. The court overruled the objection as going to the effect, and not to the admissibility. A bill was reserved, and is insisted upon. The District Judge, however, attached no weight to the proof thus administered.
On its face the emancipation proceeding is regular. It is a suit which began by a petition, to which a formal answer consenting to the prayer was filed, resulting in a judgment for the applicant.
There was a plaintiff and a defendant. The plaintiff was a minor approaching the age of majority, and the defendant was his mother, a widow of mature years. There is no charge, and nothing to prove that the court was imposed upon.
The objection is not that the court had no jurisdiction ratione materiee, for it could surely render valid emancipation judgments, under the laws of this State, in proper eases; but it is, that the court had no jurisdiction ratione personarum of the plaintiff and of the defendant in the case.
The fact that Mrs. Whitney was appointed by the Civil District Court for the parish of Orleans, tutrix of her son, the opponent here, is not denied.
The record shows that, together with James Y. Christmas, the father and tutor of the applicant, she was appointed with him to administer the succession of Mrs. Gaines, which had been opened before that court and that she has with him acted in that capacity.
It might be answered that this appointment can- not be attacked collaterally, even before the court which made the appointment (Succession of Keller, 30 An. 582, and cases referred to, adding 15 An. 28 And 35 An. 591) ; but it is preferable that the question of the validity of the same be not thus shut out and that it be inquired into; for, if it be true that the court could not make the appointment, the *702 emancipation proceeding against one who had no capacity to stand in court, necessarily would be an absolute nullity and the judgment rendered would lapse and be of no avail.
In order to justify the appointment of a tutor or tutrix, it is not an indispensable legal prerequisite that the person appointed, when such person is the father or mother of the child, be domiciled in the State.
The appointment, recognition or confirmation of tutors must be made, as a rule, by the judge of the minor’s domicil, if he has any in the State; but, if he has none in the State, it may be made by the judge' of. the parish where the principal estate of the minor is situated. R. O. C 307.
If the father and mother of the minor reside out of the State and are not represented in it, and the minor be also absent, he may be provided with a tutor by the judge of the place where he has interests to assert or defend. O. P. 946.
Such an appointment can not, however, take place where the tutor, though a non-resident, is present in the State. Succession of Lewis, 10 An. 791.
If the father claim the tutorship, the judge shall confer it on him. C. P. 949. If the father be dead and the mother claim the tutorship, the judge shall confirm her, if she has not entered into a second marriage. C. P. 950.
In the matter of the minors Dobb, the right of a grandfather, who was a non-resident, to be appointed legal tutor, the father and mother being both dead, was contested. His appointment after being made was rescinded, a resident maternal uncle, claiming its nullity and a preference, being substituted; but after contradictory hearing it was held that the grandfather, although a non-resident, should be appointed in preference to all others, and he was reinstated. 9 An. 354.
In the case of Ploggatt vs. Moransy, 10 An. 170, the mother, who was a resident of another State, was permitted to qualify and act as tutrix of her children in this State.
In the more recent case of the Succession of Foley, 34 An. 129, this court held that a non-resident mother could not be appointed tutrix, not because of her non-residence, but because she had married again, and the law did not authorize the appointment of non-resident dative tutors, which she would have been if appointed notwithstanding the remarriage.
*703 In the matter of the Succession of Lewis a non-resident testamentary tutor appointed abroad was recognized and allowed^ to act in this State. 10 An. 789.
Considering that the minor had large interests in New Orleans, Avhere the succession of Mrs. Gaines had been opened; that his unmarried mother was present petitioning for her confirmation as his tutrix by nature; that the law authorized her appointment although she was a non-resident, it follows that the attack on its validity can not avail. As such tutrix, she was suable before the court which had appointed her to answer the petition for emancipation. R. O. C. 385.
The judgment of emancipation remaining unaffected, the applicant and the opponent stand on the same footing. The opponent being considered as of full age, has a qualification for appointment. 12 An. 155; 36 An. 251.
The question next to be decided is whether the applicant or the opponent, or both, shall be appointed.
Article 1043, R. C. C. provides that, if there be two or more beneficiary heirs of age and present,in the State, the judge shall select one or two, whom he shall consider the most solid, for the administration.
It is the settled jurisprudence of this court that the judge is not bound to appoint two administrators, even with equal claims (13 An. 557), and that where two beneficiary heirs are contestants, a large discretion is left to the judge in the choice to be made, which will not be disturbed unless manifestly wrong. Succession of Ohaler, 39 An. 308.
The record shows that the main assets of the succession consist in a claim against the city of New Orleans, apparently recognized by the United States Supreme Court, and eventually good, which was appraised at six hundred and fifty thousand dollars ($650,000), and that the opponent, Whitney, who was appointed by the District Court, has furnished a bond with solvent sureties for eight hundred and fifty thousand dollars ($850,000), to secure the faithfulness of his administration.
The two aspirants axe present in this city, 10 An. 290, and are shown to be intelligent, correct and efficient. Christmas is a few years older than Whitney, who will soon be twenty-one. It does not appear that either has a special or greater experience in the administration of the property of others, or of their own. So far, fortune has not favored them, except in the present case, in which they are *704 called to an inheritance. They are both represented by able counsel, who would not fail surely to advise and direct them properly, as to the management of the business of this succession.
Whitney has, however, shown that his appointment is desired by the distributees and creditors of this estate, and that he is able to furnish a large bond with unassailable sureties therein. The fact is that he has apparently furnished such bond.
The books do not show, that we have been able to find, that two administrators have ever been appointed to manage a succession like this. The tendency has been to appoint only one. At one time two curators could be appointed to a vacant succession, but the Legislature in 1854 determined that one only should be appointed, finally entrusting the settlement of vacant estates to one public administrator, even in the parish of Orleans. There maybe cases, however, in which two administrators should be' appointed, as where a man dies, leaving a large estate, consisting of plantations, factories, stores, urban property or other species, demanding the special attention and separate superintendence of more than one manager.
In the present instance the only asset consists of a claim which, however judicially recognized, has not been been as yet liquidated and may not be reduced to cash for some time to come. When this event happens, the only thing to be done will be to distribute the amount among the parties entitled to share in the same. If there be litigation on the subject, it will be a matter concerning rather the attorneys than the administrator.
To maintain that Whitney is not entitled to the appointment would be to recognize that Christmas has better rights to it, and to reverse the judgment of the District Judge, who is vested with primary discretion over the matter and who, after hearing the witnesses and evidence, has reached the conclusion that, all things equal, Whitney is the more solid.
An examination of the transcript authorizes this conclusion and satisfies us that the District Judge has not misused the discretion with which the law primarily clothes him, and that the circumstances of this succession do not require the appointment of an additional administrator, whose adjunction might, in cases of disagreement, engender trouble, complicate and entangle the settlement in different manners.
Judgment affirmed.